IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TODD WEAVER DAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-14-159-C |
| ) | |
| CAROLYN COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's application for disability insurance benefits was denied by the Social Security Administration. Plaintiff then filed the present action seeking review of the Agency's decision. In August of 2015, the Court remanded the matter to the Commissioner. On remand, the Commissioner issued a Notice of Award, awarding Plaintiff back benefits. Plaintiff's counsel now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

The contingent fee agreement executed between Plaintiff and his counsel indicated that if Plaintiff were awarded benefits he would pay counsel a fee not exceeding 25% of the past-due award. Now that the Notice of Benefit has been issued, counsel seeks an award of attorney's fees in accord with that agreement. The Court previously granted Plaintiff's motion pursuant to Fed. R. Civ. P. 60(b) to reopen the case. The present Motion is timely filed.

In the request for fees, Plaintiff's counsel seeks a fee of $12,257.98. Governing this request is 42 U.S.C. § 406(b)(1)(A), which states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Where a contingent fee agreement is in place, the Court must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). In support of the motion, counsel has attached a time report demonstrating that counsel expended approximately 34.8 hours of attorney time in performing the work before the Court. After considering the extent of work performed, the result obtained, and the fee award sought, the Court finds the amount to be a reasonable fee for the work performed. Indeed, the benefits awarded to Plaintiff certainly justify the amount of time spent by the firm handling the case and the evidence before the Court offers nothing to suggest that the character of the representation or the results achieved were in any way deficient.

Plaintiff's counsel notes that there may be an amount due to the representative who appeared on Plaintiff's behalf at the agency level. Counsel notes that the amount withheld by the Commissioner maybe insufficient to pay both the representative and the fees sought by counsel. Counsel argues that the previously received EAJA fee can be used to defray any balance due. Counsel's argument overlooks clear precedent preventing EAJA fees and § 406(b) fees being paid for the same work. A cursory examination of the time records submitted by counsel reflect significant duplication between the EAJA fee application and the present 406(b) fee application. Counsel has not identified which hours are not

duplicative; therefore the Court finds that the entire EAJA fee must be refunded to Plaintiff. Accordingly, Plaintiff's counsel shall refund $5,475.00 to Plaintiff.

As set forth more fully herein, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. No. 27) is GRANTED. Plaintiff's counsel is awarded a fee in the amount of $12,257.98. Because Plaintiff was previously awarded fees under the EAJA, he is entitled to a refund of the smaller EAJA award which Plaintiff's counsel shall forward immediately upon receipt of the fees awarded herein. The check should be made payable to Steve A Troutman.

IT IS SO ORDERED this 29th day of November, 2016.

ROBIN J. CAUTHRON
United States District Judge